**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANTHONY F.,

                Plaintiff,

         v.

FRANK BISIGNANO,
Commissioner of Social Security
Administration,

                Defendant.

Case No. 2:25-cv-01564-SP

**MEMORANDUM OPINION AND ORDER**

**I.**

**INTRODUCTION**

On February 24, 2025, plaintiff Anthony F. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision: whether the administrative law judge ("ALJ") correctly calculated the quarters of coverage to determine the date last

1

insured ("DLI") under Title II of the Social Security Act (the "Act"). Plaintiff's Opening Brief ("P. Mem.") at 3-7; *see* Defendant's Brief ("D. Mem.") at 3-9.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of ALJ, the court concludes that, as detailed herein, the determined DLI is supported by substantial evidence and any error is harmless. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2014, plaintiff filed an application for DIB and a period of disability due to ulcerative colitis, diabetes, arthritis, inflammatory bowel disease, and cytomegalo virus. AR at 52. Plaintiff alleged a disability onset date of March 8, 2010. *Id.* The ALJ denied the application on May 19, 2017. AR at 19-24. Subsequent to the denial, plaintiff filed his 2014 income taxes. *See* AR at 1355-74. Plaintiff then filed a request for review by the Appeals Council, and provided his 2014 income taxes. AR at 192-93. The Appeals Council denied the request for review on April 26, 2018. AR at 1-3. Plaintiff filed a complaint seeking review in this court, which remanded the matter. AR at 1098-1117

On remand, the ALJ issued a favorable decision on March 3, 2023, finding plaintiff to be disabled as of June 25, 2014, with a DLI of December 31, 2017 (the "March 2023 decision"). AR at 1121-25. On March 28, 2023, the Northeastern Program Service Center referred the case to the Appeals Council for review after finding it could not effectuate the March 2023 decision as written because the correct DLI is March 31, 2010. *See* AR at 1131.

On May 31, 2023, on its own motion, the Appeals Council vacated and remanded the March 2023 decision. AR at 1128-33. The Appeals Council found that based on the record, the correct DLI is March 31, 2010. AR at 1131-32. Because the ALJ found plaintiff had a disability onset date of June 25, 2014, after the correct DLI, the favorable

March 2023 decision was erroneous because plaintiff is required to show he was disabled as of March 31, 2010.  AR at 1131.

On November 25, 2024, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  AR at 1049-57.  On December 18, 2024, the ALJ denied plaintiff's claim for benefits.  AR at 1036-40.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity from the alleged onset date of March 8, 2010 through the date last insured of December 31, 2010.  AR at 1039-40.

At step two, the ALJ found that there was no objective medical evidence plaintiff suffered from a medically determinable impairment as of 2010.  *See* AR at 1040. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act at any time from March 8, 2010 through December 31, 2010. *Id*.

Plaintiff did not file a request for review with the Appeals Council.  P. Mem. at 3. The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant evidence which a

3

reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

**A.    The DLI Calculation Is Proper and Supported by Substantial Evidence**

The issue before the court is whether the ALJ correctly applied the Act to calculate quarters of coverage and the DLI. Plaintiff argues the ALJ made an improper deduction to his net earnings to determine how many covered quarters he had in 2014 and failed to articulate how she calculated the quarters of coverage to determine date last insured. P. Mem. at 3-7.

"[I]n order to receive disability benefits under Title II of the Social Security Act, an individual must be both insured for disability benefits and disabled within the meaning of the Act." *Harvell v. Chater*, 87 F.3d 371, 372 (9th Cir. 1996) (citing 42 U.S.C. § 423(a)(1)(A), (D)); 20 C.F.R. §§ 404.110, 404.130(b). "[A] claimant must be both fully insured and have at least twenty quarters of coverage in the forty-quarter period which ends with the quarter in which the disability occurred;" this is known as the 20/40 requirement or rule. *Harvell,* 87 F.3d at 371; *Fischer v. Astrue*, 2013 WL 866210, at *1 (C.D. Cal. Mar. 7, 2013); 42 U.S.C. § 423(c)(1); 20 C.F.R. § 404.130(b).

Quarters of coverage are calculated based on an individual's earnings, including self-employment income. 20 C.F.R. §§ 404.140(a), 404.143. The amount of earnings

4

necessary for a quarter of coverage is calculated each year based on a statutory formula. 42 U.S.C. § 413(d)(2)(B); *see* 20 C.F.R. § 404.143(a)(2).  In 2014, an individual was required to earn $1,200 for a quarter of coverage for a minimum of $4,800 for four quarters of coverage.  *See* Program Operations Manual System ("POMS") RS 00301.250.

Self-employment income is defined as "net earnings from self-employment derived by an individual . . . during any taxable year beginning after 1950" with some exclusions. 42 U.S.C. § 411(b); *see* 20 C.F.R. § 404.1096(a) ("Self-employment income is the amount of your net earnings from self-employment that is subject to social security tax and counted for social security benefit purposes.").  Net earnings from self-employment "means the gross income, as computed under subtitle A of the Internal Revenue Code of 1986, derived by an individual from any trade or business carried on by such individual, less the deductions allowed under such subtitle which are attributable to such trade or business" and other adjustments.  42 U.S.C. § 411(a).  One of the adjustments is a deduction for self-employment tax:

> (11) In lieu of the deduction provided by section 164(f) of the Internal Revenue Code of 1986 (relating to deduction for one-half of self-employment taxes), there shall be allowed a deduction equal to the product of –
>
> > (A) the taxpayer's net earnings from self-employment for the taxable year (determined without regard to this paragraph), and
> >
> > (B) one-half of the sum of the rates imposed by subsections (a) and (b) of section 1401 of such Code for such year.

42 U.S.C. § 411(a)(11).  The tax rates imposed by § 1401(a) and (b) of the Internal Revenue Code equal 15.3%, which amounts to a 7.65% deduction.  26 U.S.C. § 1401(a), (b); *see* POMS SI 00820.210, RS 01803.002.

Plaintiff does not dispute that if he did not have four quarters of coverage in 2014, then the DLI is in 2010.  Instead, plaintiff argues the ALJ should have considered his net taxable income in 2014 of $4,920 without any deductions, in

which case he would meet the minimum earnings required in 2014 and be credited with four quarters of coverage. *See* P. Mem. at 4. This would extend his DLI to December 31, 2017. *See id.*

In determining the number of quarters of coverage in 2014 and the resulting DLI, the Appeals Council and ALJ both relied on the agency's determination that plaintiff's income was $4,543 in 2014 which meant he did not meet the 20/40 requirements as of June 25, 2014 and thus his DLI is March 31, 2010. *See* AR at 1040, 1131-32; *see also* AR at 1308. Following the formula provided in the Act, this amount is correct. Plaintiff reported a gross income of $4,920 in 2014 with no reductions for business expenses. AR at 1360. As required, the gross income was multiplied by .9235 (the equivalent of subtracting 7.65% of $4,920 from $4,920), resulting in a self-employment income of $4,543. *See* 42 U.S.C. § 411(a)(11); AR at 1360-61. This amount is just shy of the $4,800 threshold required for four quarters of coverage in 2014. *See* POMS RS 00301.250.

Plaintiff's arguments that the agency should not have adjusted his income are unavailing. First, plaintiff argues the self-employment tax deduction is inconsistent with or unsupported by the regulations, but he cherry picks regulations that do not mention deductions and ignores the section of the Act that discusses the deduction at issue. *See* P. Mem. at 4. Second, plaintiff argues POMS, which instructs the agency to deduct 7.65% from gross income in order to calculate self-employment income, does not carry the force of law. *See id.* at 5. Plaintiff is correct that POMs does not have the force of law, "but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Moreover, the statute unambiguously contains this deduction. *See* 42 U.S.C. § 411(a)(11). Finally, plaintiff cites to 26 U.S.C. § 162(l)(4), but this statute provides a rule for health insurance costs of self-employed individuals and is inapplicable for social security purposes. *See* P. Mem. at 6.

6

Plaintiff also argues the Appeals Council and ALJ erred when they failed to explain why they used $4,543 as opposed to his gross income to calculate the quarters of coverage in 2014, thus resulting in a 2010 DLI. P. Mem. at 5. But as discussed above, the calculation is purely determined by statutory formula. The ALJ did not have to evaluate any evidence to reach this determination or exercise judgment. As such, a reasoned explanation was unnecessary. *Accord Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (decisions will be upheld if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity").

Accordingly, the Commissioner correctly calculated plaintiff's self-employment income when determining the number of quarters of coverage and the date last insured.

**B.      The ALJ's DLI Date Error Is Harmless**

Although the court finds the 2010 DLI is supported by substantial evidence, the court notes the ALJ erred with respect to the exact date. Despite noting the agency determined the correct DLI is March 31, 2010, the ALJ found the DLI is December 31, 2010 and failed to provide any reasons for extending the DLI to the end of 2010. *See* AR at 1039-40. Nevertheless, whether the DLI is March 31, 2010 or December 31, 2010 has no impact on the ultimate disability determination and the error is therefore harmless.

//
//
//
//
//
//
//

## V.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

Dated: <u>March 31, 2026</u>



SHERI PYM
United States Magistrate Judge

8